UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLIAM CALL ) | CIVIL ACTION NO. 1:12-cv-00458 |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| BERMAN & RABIN, P.A. ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |
| ) | |

## NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, William Call ("Plaintiff"), is a natural person who at all relevant times resided in the State of North Carolina, County of Moore, and City of Whispering Pines.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Berman & Rabin, P.A. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

1

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, once owed or due, or asserted to be once owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with collection of an alleged debt in default, Defendant sent Plaintiff initial written communication dated February 21, 2012. (See February 21, 2012 Correspondence, attached hereto as Exhibit A).

12. In response to Defendant's letter dated February 21, 2012, Plaintiff sent Defendant written communication dated February 25, 2012, and in such communication, Plaintiff (a) disputed the validity of the alleged debt, (b) requested verification of the alleged debt, and (c) demanded that Defendant cease and desist from any and all further telephonic communication with Plaintiff. (See February 25, 2012 Correspondence, attached hereto as Exhibit B).

13. Defendant received Plaintiff's February 25, 2012 correspondence on March 2, 2012 at 8:52 A.M. (See Certified Mail Receipt, attached hereto as Exhibit C).

14. Despite receiving Plaintiff's written dispute, demand for verification and cease and desist letter on March 2, 2012, and in connection with collection of an alleged debt in default, Defendant placed a telephone call to Plaintiff's residence on March 12, 2012 at 3:21 P.M.

15. In connection with collection of an alleged debt in default, Defendant called Plaintiff's residential telephone, including on the following dates and times:

1) March 15, 2012 at 3:45 P.M.,

2) March 16, 2012 at 11:29 A.M.,

3) March 17, 2012 at 1:44 P.M.,

4) March 20, 2012 at 1:35 P.M.,

5) March 21, 2012 at 4:06 P.M.,

6) March 22, 2012 at 3:27 P.M.,

7) March 23, 2012 at 12:09 P.M.,

8) April 3, 2012 at 6:02 P.M., and

9) April 4, 2012 at 4:05 P.M.

16. Defendant did not provide verification of the debt to Plaintiff in writing prior to continuing its collection activity.

17. Defendant continued to contact Plaintiff for the express purpose of collecting an alleged debt in default without having first provided verification of the debt, and after having received written communication from Plaintiff disputing the debt and demanding such verification on March 2, 2012.

18. Further, Defendant continued to contact Plaintiff by telephone contrary to Plaintiff's demand that Defendant cease and desist from any further telephonic communication with Plaintiff.

19. Plaintiff's counsel sent Defendant notice that Plaintiff was represented by an attorney via letter dated March 29, 2012.

20. The March 29, 2012 letter was properly addressed and mailed to Defendant on April 2, 2012.

21. Upon information and belief, Defendant received the March 29, 2012 letter from Plaintiff's counsel on or about April 5, 2012.

22. Despite having received notice that Plaintiff was represented by counsel, and without attempting to contact Plaintiff's counsel, Defendant placed telephone calls to Plaintiff's residential telephone in connection with the collection of an alleged debt, including on the following dates and times:

1) April 5, 2012 at 12:28 P.M.,

2) April 7, 2012 at 6:11 P.M.,

3) April 9, 2012 at 1:52 P.M.,

4) April 10, 2012 at 2:06 P.M.,

5) April 12, 2012 at 12:31 P.M.,

6) April 13, 2012 at 12:23 P.M.,

7) April 14, 2012 at 12:44 P.M.,

8) April 16, 2012 at 4:42 P.M.,

9) April 17, 2012 at 8:33 P.M.,

10) April 18, 2012 at 2:32 P.M.,

11) April 23, 2012 at 12:35 P.M.,

12) May 1, 2012 at 4:24 P.M., and

13) May 3, 2012 at 5:27 P.M.

23. Defendant's actions constitute conduct highly offensive to a reasonable person.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

24. Plaintiff repeats and re-alleges each and every allegation above.

25. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

26. Plaintiff repeats and re-alleges each and every allegation above.

27. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating directly with Plaintiff after having received notice from Plaintiff's counsel that Plaintiff is represented by an attorney.

5

28. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692c(c)

29. Plaintiff repeats and re-alleges each and every allegation above.

30. Defendant violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff with a request to cease and desist communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1692c(c);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692g(b)

31. Plaintiff repeats and re-alleges each and every allegation above.

32. Defendant violated 15 U.S.C. § 1692g(b) by continuing collection activity without having first provided verification of the debt, after having received a written communication from Plaintiff disputing the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper

## TRIAL BY JURY

33.     Plaintiff is entitled to and hereby demands a trial by jury.


DATED this 9th day of May, 2012.

>Respectfully submitted,
>
>/s/ Holly E. Dowd
>Holly E. Dowd (N.C. Bar No. 37533)
>Weisberg & Meyers, LLC
>409A Wakefield Dr.
>Charlotte, NC 28209
>(888) 595-9111 ext. 260
>(866) 565-1327 (fax)
>hdowd@attorneysforconsumers.com
>
>ATTORNEYS FOR PLAINTIFF
>
>*Please send correspondence to the address below*
>
>Holly E. Dowd
>***Weisberg & Meyers, LLC***
>5025 N. Central Ave. #602
>Phoenix, AZ 85012